## State of Vermont v. James Parkhurst

[154 A2d 466]

May Term, 1959.

Present: Hulburd, C. J., Holden, Shangraw, Barney and Smith, JJ.

Opinion Filed September 1, 1959.

*C. O. Granai* for the respondent.

*Charles E. Gibson, Jr.,* State's Attorney, for the State.

**Hulburd, C. J.**  The respondent was convicted of operating a motor vehicle while under the influence of intoxicating liquor.  He comes to this Court with exceptions pertaining to the evidence and to the instructions to the jury.  Since the respondent's exceptions do not include one based on a denial of a motion for a directed verdict, a full review of the evidence is unnecessary.  Some statement, however, of the trend of the evidence will serve to make the respondent's exceptions more intelligible.

Having had a can of beer before supper and another at about 7:30 P.M., the respondent, and a companion, acquired

en route, were proceeding from Johnson to Lyndonville, on the night of January 31st, 1957. After a stop at Hardwick for a bottle of wine they continued on until they reached St. Johnsbury Center. At this point, the respondent, in attempting to turn around, backed into a ditch and got stuck. A passerby, a Mr. Berry, stopped to assist the respondent, to get out of the snowbank. He pushed while the respondent attempted to drive out of the ditch to no avail. When the respondent got out of his car, Berry smelled liquor on the respondent's breath, observed his unsteadiness, his speech, and became convinced that the respondent was under the influence of intoxicating liquor and he so testified. As the car stood, it projected out into the road obstructing traffic, so Berry notified the state police. Officers Kittridge and Fortin came to the scene at about 12:30 A.M. They found the respondent behind the wheel of his car with the motor running and the rear wheels spinning in an attempt to get out of the ditch. A wrecker was called and the Parkhurst car was towed out of the ditch and the police officers took Parkhurst into custody. They both testified that in their opinion Parkhurst was under the influence of intoxicating liquor at St. Johnsbury Center when they found him off the road. Officer Sanborn, on duty at the desk in the police station, testified he also was of the opinion that the respondent was under the influence of intoxicating liquor when he arrived there. A Dr. Rowe was called and examined the respondent at the police station. This was prior to 1:00 A.M. the next morning and was completed by that time. The doctor testified, under objection by the respondent, that in his opinion the respondent was under the influence of intoxicating liquor.

■ This brings us to the first exception that the respondent has briefed. His contention is that the doctor's evidence should not have been admitted because of "remoteness of time." Dr. Rowe's observations were made within one-half hour of the time when witnesses Kittridge and Fortin observed the respondent trying to drive his car out of the ditch. The question of remoteness was within the sound discretion of the trial court. *State* v. *Barr*, 84 Vt 38, 42, 77 A 914, 48

LRANS 302; *State* v. *Lizotte*, 109 Vt 378, 384, 197 A 396. We can not say that in the circumstances of this case any abuse of discretion on the part of the court below has been made to appear. This is not a case in which evidence of the respondent's condition was dependent solely on retroactive inference. See *Ackerman* v. *Kogut*, 117 Vt 40, 44, 84 A2d 131. The continuity of the respondent's condition was shown by the evidence itself. It accorded with the doctor's opinion and afforded ample basis for receiving it. The lapse of time between the driving and the doctor's examination could in no sense, in these circumstances, make his testimony remote as claimed by the respondent.

■ The respondent made a similar objection to similar testimony by officer Kittridge. We need spend no time with these exceptions since, as we have already noted, Officer Kittridge actually saw the respondent operating his car in an attempt to get out of the ditch. The fact that the respondent may have got into the ditch at about 10:00 P.M., as he claims, did not bind the State to prove the offense at that time. What the respondent did in attempting to extricate himself, in the presence of Berry, Kittridge and Fortin was operation as defined in our motor vehicle law. See V. S. 47, §10,044; *State* v. *Tacey*, 102 Vt 439, 440, 150 A 68, 68 ALR 1353; *State* v. *Storrs*, 105 Vt 180, 182, 163 A 560.

The respondent, on cross examination of Dr. Rowe, sought to ask the following question:

"Q. If it should appear in the evidence that this party did his drinking between the hours, between ten and ten-thirty that evening up until twelve-thirty that evening, Doctor, can you say, whether or not at what point this man became intoxicated or under the influence of liquor?"

■ This question was objected to by the state's attorney and the court excluded it. The respondent argues that this was error. With this we do not agree. Aside from being objectionable as to form, the question as asked did not conform to the evidence. There was evidence both of drinking before ten and of operating between ten and twelve-thirty.

The fact that the respondent may have done some additional drinking while off the road does not help him in view of his subsequent operating activities in attempting to get back on the road. Since the question assumed facts not in evidence it was properly excluded. *Parker* v. *Hoefer*, 118 Vt 1, 9, 100 A2d 434, 38 ALR2d 1216; *State* v. *Lawler*, 104 Vt 50, 52. 156 A 908.

■ Before taking up the last of the evidentiary exceptions, a further word of background is necessary. After the police officers found the respondent in his car off the road, they took him into custody. Next morning he was brought into court and charged both with being intoxicated and with operating a motor vehicle while under the influence of intoxicating liquor. On arraignment the respondent pleaded "guilty" to the charge of intoxication and "not guilty" to the remaining charge. This left the respondent in a position of considerable perplexity, as he soon found, in trying to defend himself against the charge of driving while under the influence of intoxicating liquor. His counsel tried in a series of questions on cross-examination of the police officers to re-open the whole question of whether he was guilty of intoxication. The trial court excluded this line of questions and properly so. The question being tried was whether the respondent was under the influence of intoxicating liquor. The State was under no duty to support the conviction of intoxication. If the respondent had wished to contest that charge, he should have done so when he had a chance instead of pleading "guilty." The scope of the cross-examination was within the discretion of the trial court. The circumstances do not disclose an abuse of discretion. *State* v. *Barr*, 84 Vt 38, 42, 77 A 914, 48 LRANS 302; *State* v. *Lizotte*, 109 Vt 378, 384, 197 A 396; *Parker* v. *Hoefer*, 118 Vt 1, 17, 100 A2d 434, 38 ALR2d 1216.

Closely allied to the foregoing is the respondent's remaining exception which is to a part of the court's instructions to the jury. The portion of the court's charge excepted to was as follows:

"I call your attention further to the fact that the term intoxicated, as opposed to 'under the influence of intoxicating

liquor', has a different meaning, and that intoxicated as used in law means more than being under the influence. The issue in this case to be determined by you is, therefore, whether or not the respondent, James Parkhurst, on the 1st day of February 1957 was operating his automobile on a public highway while under the influence of intoxicating liquor." The respondent excepted to the foregoing as follows:

"Mr. Granai: You said intoxication means more in law than just being under the influence of intoxicating liquor. The respondent says that the way the Court left it, that the inference is that the fact that this man pled guilty to intoxication does establish it as a prima facie case, makes him guilty of being under the influence, because the inference the respondent got from the charge on that fact, would indicate he was under the influence of (intoxicating) liquor."

We have experienced some difficulty in understanding this exception. If the respondent feared from the court's charge that the jury would infer that a man who drove while intoxicated must necessarily have driven while under the influence of intoxicating liquor—if that is the respondent's point—then we can only say that the jury were not misled, but on the contrary, were given a correct understanding of the law. The court was not as explicit as that, however, and we think was merely putting before the jury the thought that to be under the influence of intoxicating liquor one need not be intoxicated. In any event no prejudicial error appears. A careful examination of all the respondent's exceptions convinces us that he has had a fair trial.

*The respondent's exceptions are overruled and the judgment is affirmed. Let execution be done.*